UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ROBERT WALKOWSKI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO: 1:15-cv-1124 |
| | ) |
| BAXTER HEALTHCARE CORPORATION, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. NATURE OF THE CASE

1. This is an action brought by Plaintiff, Robert D. Walkowski ("Walkowski"), by counsel, against Defendant, Baxter Healthcare Corporation ("Defendant"), for its violations of the American with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et. seq., as amended; the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §§ 621 et. seq.; and the Family and Medical Leave Act of 1993 ("FMLA"), as amended, 29 U.S.C. § 2601 et. seq.

### II. PARTIES

2. Walkowski, at all times relevant to this litigation, resided within the geographical boundaries of the Southern District of Indiana.

3. Defendant is a corporation which conducts business within the geographical environs of the Southern District of Indiana.

## II. JURISDICTION AND VENUE

4. Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. §1331; 28 U.S.C. §1343; 42 U.S.C. § 12117; 29 U.S.C. § 626, and 29 U.S.C. § 2617(a)(2).

5. Defendant is an "employer" as defined by 42 U.S.C. § 12111(5)(A), 29 U.S.C. § 630(b), and 29 U.S.C. § 2611(4).

6. Walkowski is an "employee" as that term is defined by 42 U.S.C. § 2000e(f) and 29 U.S.C. § 630(f).

7. Walkowski is a qualified individual with a disability as that term is defined by the ADA, 42 U.S.C. § 12102(2)(c). At all relevant times, Defendant had knowledge of Walkowski's disability and/or it regarded Walkowski as being disabled.

8. Walkowski was, at all times relevant, an "eligible employee" as that term is defined under 29 U.S.C. § 2611(2).

9. Walkowski exhausted his administrative remedies by timely filing a Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission, claiming discrimination based on age and disability and files this complaint within ninety (90) days of receipt of his Notice of Right to Sue.

10. All events, transactions, and occurrences concerning this case having arisen in the geographical environs of the Southern District of Indiana, venue is proper in this Court.

## IV. FACTUAL ALLEGATIONS

11. Walkowski was born in the year 1952.

12. Walkowski was hired by Defendant on or about March 1, 2008.

13. Most recently, Walkowski worked as a Document Specialist.

14. At all relevant times, Walkowski met or exceeded Defendant's legitimate performance expectations.

15. In or about February 2013, Walkowski was diagnosed with a physical impairment that caused persistent vomiting, dizziness, disorientation, nausea and weakness. During the onset of these symptoms, Walkowski was incapacitated and unable to perform a variety of major life activities.

16. As a result of Walkowski's impairment, he required and requested intermittent leave under the FMLA. He was approved for intermittent leave under the FMLA in June 2013..

17. Walkowski took a continuous leave of absence from January 29, 2014 thru April 28, 2014 to adjust to the prescription medication aimed at getting his condition under control

18. Walkowski returned to work on April 29, 2014. However, his physician continued to experiment with different medications to help control Walkowski's condition. As a result, Walkowski anticipated the need for some additional absences.

19. On May 13, 2014, Jennifer Morgan, Human Resources, informed Walkowski that he had 82 hours or 10.25 workdays of leave under the FMLA available to him.

20. Defendant terminated Walkowski's employment on June 20, 2014 due to absences related to his health condition that occurred on June 17, 18 and 19, 2014.

21. Walkowski had only used 64 hours or 8 days of leave under the FMLA between May 13, 2014 and his separation from employment.

22. On May 13, 2014, Defendant informed Walkowski that he no longer qualified for leave under the FMLA as of June 17, 2014 because he had not worked enough hours as of April 27, 2014.

23. Upon information and belief, Walkowski would have had sufficient hours to qualify for leave under the FMLA on or around June 17, 2014.

24. Moreover, Defendant failed to notify Walkowski of when he may be eligible to apply for leave under the FMLA.

25. Walkowski's job duties were assumed by a significantly younger, non-disabled individual who did not utilize leave under the FMLA.

26. Defendant refused to engage in the interactive process with Walkowski to determine whether an accommodation existed for his condition that would allow him to continue to work.

## V. LEGAL ALLEGATIONS

### COUNT I-VIOLATIONS OF THE ADA

27. Walkowski hereby incorporates paragraphs one (1) through twenty-six (26) of his Complaint.

28. Defendant discriminated against Walkowski based on his disability.

29. Defendant's actions were intentional, willful and in reckless disregard of Walkowski's rights as protected by the ADA.

30. Walkowski has suffered harm as a result of Defendant's unlawful actions.

### COUNT II: AGE DISCRIMINATION

31. Walkowski hereby incorporates paragraphs one (1) through thirty (30) of his Complaint.

32. Defendant terminated Walkowski's employment because of his age.

33. Defendant's actions were intentional, willful and in reckless disregard of Walkowski's rights as protected by the ADEA.

34. Walkowski has suffered harm as a result of Defendant's unlawful actions.

### COUNT III: VIOLATION OF THE FMLA – INTERFERENCE

35. Walkowski hereby incorporates paragraphs one (1) through thirty-four (34) of his Complaint.

36. Defendant unlawfully interfered with the exercise of Walkowski's rights under the FMLA by failing adequately inform him of his rights under the statute, denying him leave to which he was entitled and for treating his use of leave

as a negative factor in making decisions regarding the terms and conditions of his employment.

37. Defendant's actions were intentional, willful, and in reckless disregard of Walkowski's rights as protected by the FMLA.

38. Walkowski suffered damages as a result of Defendant's unlawful actions.

### COUNT IV: VIOLATION OF THE FMLA – RETALIATION

39. Walkowski hereby incorporates paragraphs one (1) through thirty-eight (38) of his Complaint.

40. Defendant unlawfully retaliated against Walkowski for exercising his rights under the FMLA.

41. Defendant's actions were intentional, willful, and in reckless disregard of Walkowski's rights as protected by the FMLA.

42. Walkowski suffered damages as a result of Defendant's unlawful actions.

### VI. REQUESTED RELIEF

WHEREFORE, Plaintiff, Robert Walkowski, by counsel, respectfully requests that this Court find for Plaintiff and order Defendant to:

1. Reinstate Plaintiff to the position, salary and seniority level he would have enjoyed but for Defendant's unlawful employment actions, or award him front pay in lieu thereof;

1. Pay Plaintiff's lost wages and benefits, if any;

    3.    Pay to Plaintiff compensatory damages for Defendant's violations of the ADA;

    4.    Pay to Plaintiff punitive damages for Defendant's violations of the ADA;

    5.    Pay to Plaintiff liquidated damages for Defendant's violation of the ADEA and FMLA;

    6.    Pay to Plaintiff pre- and post-judgment interest;

    7.    Pay Plaintiff's costs and attorney fees incurred in litigating this action; and,

    8.    Provide any further equitable relief this Court sees fit to grant.

Respectfully submitted,

/s Andrew Dutkanych
Andrew Dutkanych, Attorney No. 23551-49
BIESECKER DUTKANYCH & MACER, LLC
411 Main Street
Evansville, Indiana 47708
Telephone: (812) 424-1000
Facsimile: (812) 424-1005
Email: ad@bdlegal.com

*Attorney for Plaintiff, Robert Walkowski*

## DEMAND FOR JURY TRIAL

The Plaintiff, Robert Walkowski, by counsel, respectfully requests a jury trial as to all issues deemed so triable.

/s Andrew Dutkanych
Andrew Dutkanych, Attorney No. 23551-49
BIESECKER DUTKANYCH & MACER, LLC
411 Main Street
Evansville, Indiana 47708
Telephone: (812) 424-1000
Facsimile: (812) 424-1005
Email: ad@bdlegal.com

*Attorney for Plaintiff, Robert Walkowski*